THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IMELDA ABREGO, | CASE NO. C20-0823-JCC |
| Plaintiff, | ORDER |
| v. | |
| GARDEN CITY GROUP, LLC, | |
| Defendant. | |

This matter comes before the Court on Defendant's motion to dismiss (Dkt. No. 11). Having thoroughly considered Defendant's briefing, the Court finds oral argument unnecessary and GRANTS the motion for the reasons described herein.

## I.  BACKGROUND

Plaintiff, proceeding *pro se*,[1] brings this suit against her former employer Garden City Group, LLC ("Garden City"). (Dkt. No. 5.) Plaintiff, who "is Latina and born in the United States," alleges that Garden City engaged in disparate treatment between her and her "India[n]" co-workers and then terminated her on May 2, 2017 when she complained of the treatment. (*Id.*

---

[1] This is the third *pro se* claim Plaintiff has brought before this Court, with prior claims dismissed with prejudice. *See Abrego v. Overlake Hospital Medical Center, Inc., et al.*, C06-1263-JCC (2006), *Green and Abrego v. California Court Apartments LLC*, Case No. C07-0334-MJP (2007) This is in addition to the *pro se* claim Plaintiff indicates is currently active before the King County Superior Court. (Dkt. No. 14 at 4.)

at 8.) Plaintiff filed a an EEOC Charge of Discrimination October 25, 2017 and received a Dismissal and Notice of Rights ("right-to-sue notice") that same day. (Dkt. Nos. 12-1 at 2–3; 12-2 at 1–3.) Plaintiff brought suit in this Court on June 5, 2020. (Dkt. No. 5.) Plaintiff alleged federal discrimination claims and a variety of other federal and state employment and tort claims. (*Id.* at 7–8.) Garden City moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that Plaintiff's claims are time-barred. (Dkt. No. 11.)

## II.   <u>DISCUSSION</u>

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). Although Rule 12(b)(6) does not require courts to assess the probability that a plaintiff will eventually prevail, the allegations made in the complaint must cross "the line between possibility and plausibility of entitlement to relief." *Id.*

A motion to dismiss may be granted on the basis of an expired statute of limitations if "the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999). In considering such a motion, the Court may take judicial notice of documents that are either essential to a plaintiff's complaint and whose validity is not questioned or are properly subject to judicial notice under Federal Rule of Evidence 201. *See Lee v. City of L.A.*, 250 F.3d 668, 688–89 (9th Cir. 2001); Fed. R. Evid. 201(b)–(d). Plaintiff's EEOC documents are essential to her complaint and their validity is uncontested. (*See* Dkt. Nos. 12-1; 12-2.) Therefore, the Court will consider these documents.

To bring federal discrimination claims, a plaintiff must first file a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). If the EEOC dismisses the charge, the claimant must sue within ninety (90) days of receipt of a right to sue letter. *See* 42 U.S.C. § 2000e-5(f)(1) (establishing ninety-day time limit for suits under Title

VII). This ninety-day statute of limitations may, in appropriate circumstances, be subject to equitable tolling. *Stiefel v. Bechtel Corp.*, 624 F.3d 1240, 1245 (9th Cir. 2010). In the Ninth Circuit, there exists a rebuttable presumption that a plaintiff received notice of dismissal from the EEOC within three days of when it was mailed, thereby permitting suits commenced within ninety-three (93) days of when the notice was mailed. *Payan v. Aramark Mgmt. Servs. Ltd. P'ship*, 495 F.3d 1119, 1126 (9th Cir. 2007). If a claimant fails to file the civil action within this period, the action is barred. *Nelmida v. Shelly Aurocars, Inc.*, 112 F.3d 380, 383 (9th Cir. 1997).

Plaintiff's federal discrimination claims are barred. The EEOC's right-to-sue notice was mailed November 25, 2017, so Plaintiff presumptively received it November 28, 2017. *See Payan*, 495 F.3d at 1126. Plaintiff does not dispute receiving the notice within this timeframe. (*See generally* Dkt. No. 14.) Instead, she seeks equitable tolling based upon the ongoing COVID-19 pandemic and personal schedule issues. But the statute of limitations lapsed for these claims in early 2018—well before the COVID-19 pandemic impacted this Court's operations. *See* W.D. Wash. General Orders 01-20, 02-20, 07-20, 08-20, 11-20, 13-20, 15-20. Nor does the Court view Plaintiff's "full load of cases where she was a *pro se* litigant" to justify equitable tolling. (Dkt. No. 14 at 4.) Therefore, the Court has no choice but to conclude that Plaintiff's federal discrimination claims are barred.

Plaintiff's remaining claims also suffer from the same fault; they all have statutes of limitations not exceeding three years. RCW 4.16.080(2); *see Antonius v. King Cty.*, 103 P.3d 729, 732 (Wash. 2004) (statute of limitations for claims brought under Washington's Law Against Discrimination is three years); *St. Michelle v. Robinson*, 759 P.2d 467, 470 (Wash. App. 1988) (statute of limitations of intentional and negligent infliction of emotional distress claims is three years); *City of Seattle v. Blume*, 947 P.2d 223, 226 (Wash. 1997) (statute of limitations for civil conspiracy is three years); *Schraum v. Riviera Cmty. Club*, 104 Wash. App. 1043 at 7 (2001) (unpublished) (statute of limitations for negligent supervision is three years). Plaintiff was

terminated May 2, 2017. She was required to bring suit no later than May 2, 2020.[2] Because Plaintiff did not file suit in this matter until June 5, 2020, those claims are also barred.

Finally, although Rule 15(a) requires that leave to amend be freely given when justice so requires, leave may be denied if amendment of the complaint would be futile. *Gordon v. City of Oakland,* 627 F.3d 1092, 1094 (9th Cir. 2010). Here, the Court finds that amendment would be futile and dismisses Plaintiff's claims with prejudice.

**III.   CONCLUSION**

For the foregoing reasons, Defendant's motion to dismiss (Dkt. No. 11) is GRANTED.

DATED this 4th day of November 2020.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

_____

[2] Plaintiff contacted the Clerk of the Court in January 2018 seeking an extension of time to file suit. (Dkt. No. 14-2.) The Clerk informed her that a complaint would need to be filed should she wish any relief from the Court. (*Id.*) This also cuts against an equitable tolling request, as Plaintiff knew she needed to bring suit to preserve her claims more than a year before the COVID-19 pandemic impacted the Court's operations, yet she failed to do so. *See* W.D. Wash. General Orders 01-20, 02-20, 07-20, 08-20, 11-20, 13-20, 15-20.